# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 08-1577-FRZ-CRP |
| ) | |
| vs. ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| JORGE WINSTON LOPEZ-MORENO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant moves the Court for an order suppressing all statements made to ICE agents when he was detained at the Nogales port of entry on November 20, 2008. The Government opposes the motion. Because no federal law requires tape-recording confessions or using court-certified language translators, the motion should be denied.

On November 20, 2008, defendant drove into the United States at the port of entry in Nogales, Arizona. A search of defendant's car at the port of entry found 7.5 kilograms of methamphetamine in a secret compartment in the floor of the car. Defendant was questioned by Immigration and Customs Enforcement ("ICE") Agent Lozania. Apparently present was

also ICE Agent Green. Defendant made a statement which was not audio or video recorded. Lozania has a certification of Spanish language skills from ICE, but is not certified to translate in court proceedings.

Defendant now complains that the record of the interrogation is inaccurate. Most significantly, defendant maintains he told Agent Lozania that he was loaned $2000, not that he was to be paid $2000 to smuggle drugs.

Defendant complains of the failure to record the interrogation and the failure to use a qualified interpreter. An evidentiary hearing was offered, but both sides indicated it was a question of law and that the facts were stipulated: no recording was made and Lozania is not a court certified interpreter.

Defendant points to several states who have by statute or case law required in custody interrogations to be recorded. In Alaska, recording confessions when feasible was required not by the federal Constitution, but by the Alaska State Constitution. *Stephan v. State*, 711 P.2d 1156, 1160 (1985). Minnesota required electronic recording of custodial interrogations based on the "supervisory power to insure the fair administration of justice," not the state or federal due process clause. *State v. Scales*, 518 N.W.2d 587, 592 (Minn.1994). Wisconsin also relied in its supervisory powers to require electronic recording of custodial interrogations of juveniles. *In re Jerrell C.J.*, 699 N.W.2d 110, 123 (Wis.2005). Defendant asks this Court to rely on its supervisory powers under Article III, section 1 of the Constitution to exclude evidence of custodial confessions that were not electronically recorded.

In the landmark case of *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608 (1943), the Court relied on the supervisory powers doctrine to exclude a confession from evidence. In that case, the Court looked not to the Fifth Amendment Due Process Clause, but to several Congressional enactments requiring the prompt presentation of defendants before a judge. *McNabb*, 318 U.S. at 341-343, 63 S.Ct. At 613-615. The Government correctly asserts that Congress has not given any direction to the Executive Branch concerning electronic recording of confessions.

In its written response to the motion, the Government offered no justification for the routine and calculated decision of some federal agencies not to record interrogations. At oral argument, allusions were made to technical questions arising in camera surveillance cases, considerations that bear no relevance on electronically recording confessions. No justification for this practice is offered, nor can a legitimate and just rationale be perceived by this Court. The rationales of commentators, judges and the American Bar Association to recognize electronic recording of confessions is summarized in the *Jerrell* opinion. *In re Jerrell*, 699 N.W.2d at 120-123. This Court agrees with those commentators that electronic recording reduces disputes, provides a more accurate and reliable record and is most fair to both sides in the dispute.

Nonetheless, on this record a judicial order requiring electronic recording of confessions and requiring per se exclusion of unrecorded confessions would overstep judicial authority. The Court strongly disapproves of the actions and policies of these federal law enforcement agencies to discourage or prohibit tape-recording confessions. Such practices ill-serve the reputations of these agencies. However, the response to these short-minded policies must come from Congress, Attorney General Holder, Secretary Napolitano and the jurors that the Government asks to resolve what should never have been in dispute. Because Congress has not spoken on this issue, this Court recommends that the Supervisory Powers Doctrine not be invoked in this case to exclude defendant's confession.

Defendant also complains about the language expertise of Agent Lozania, implying that only a court certified interpreter should be involved in translating confessions. There is no legal authority to support that position. Two federal cases involving informants looks to the pragmatic consideration that negotiations could not have continued if the translator's language skills were not adequate. *United States v. Garcia*, 16 F.3d 341, 343 (9th Cir.1994); *United States v. Nazenia*, 948 F.2d 522, 528 (9th Cir.1991).

The issue of the accuracy of the translation is a factual issue for the jury. For the Court to impose a minimal certification level, detailed factual development concerning the various certification programs, the number of certification programs, the number of certified

interpreters available, the relevance of all the skills required for certification to the task in issue and the potential impact on law enforcement would be necessary. No record was made in this case. Therefore, the interpreter's lack of credentials is not a <u>per se</u> basis for exclusion of the confession.

For these reasons, it is the REPORT AND RECOMMENDATION of this Court that District Judge Zapata, after his independent review and consideration, enter an order denying defendant's Motion to Suppress Statements. (Doc 22).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr-08-1577-FRZ**.

The Clerk is directed to mail a copy of the Report and Recommendation to Plaintiff and counsel for Defendants.

DATED this 19th day of August, 2009.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE